UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA 90210,<br><br>   PLAINTIFF<br>   vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>   DEFENDANT | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

### THE PARTIES

1. Plaintiff Jason Leopold is a citizen of California.

2. Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3. Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 USC § 552(f).

4. The Office of Legal Counsel ("OLC") is a component within the DOJ.

5. The DOJ has possession, custody and control of the records Plaintiff seeks.

1

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

8. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

9. According to its web site, the "Office of Legal Counsel provides authoritative legal advice to the President and all the Executive Branch agencies. The Office drafts legal opinions of the Attorney General and also provides its own written opinions and oral advice in response to requests from the Counsel to the President, the various agencies of the Executive Branch, and offices within the Department. Such requests typically deal with legal issues of particular complexity and importance or about which two or more agencies are in disagreement. The Office also is responsible for providing legal advice to the Executive Branch on all constitutional questions and reviewing pending legislation for constitutionality."

10. David J. Barron worked as an attorney advisor for OLC from 1996 to 1999. He rejoined the Justice Department as Acting Assistant Attorney General from 2009 to 2010. Barron authored a controversial memo while at OLC which justified the use of lethal drone strikes against American citizens without judicial process (hereinafter the "Barron memo").

11. Barron was nominated by President Obama to serve on the United States Court of Appeals for the First Circuit. The Barron memo played a central role in the confirmation process, leading to delays in the confirmation process and eventually a vote that was nearly along party lines. A leading opponent of Barron's nomination, Senator Rand Paul stated, "I oppose the nomination of anyone who advocates the executive branch killing of American citizens not

involved in combat without trial." The Barron memo was eventually made public, in redacted form, as a result of a ruling from the United States Court of Appeals for the Second Circuit.

12. Martin "Marty" S. Lederman was an Attorney Advisor in OLC from 1994 to 2002. He rejoined OLC in 2009 after being appointed by President Obama as Deputy Assistant Attorney General. Although it was signed by Barron, Lederman and Barron were both principal drafters of the Barron memo.

13. Several news reports have suggested that OLC gave approval for the targeted killing of U.S. citizens prior to the completion of the Barron memo. *See e.g.*, Charlie Savage, "Secret U.S. Memo Made Legal Case to Kill a U.S. Citizen," *The New York Times* (Oct. 8, 2011), available at http://www.nytimes.com/2011/10/09/world/middleeast/secret-us-memo-made-legal-case-to-kill-a-citizen.html?hp

14. Virginia Seitz served as the Assistant Attorney General for OLC from 2011 until her resignation in December 2013. According to a news report about her resignation, two sources indicated that in addition to the difficult work at OLC, "another issue weighed heavily on her mind over the past several months: the question of whether and when the U.S. can target its own citizens overseas with a weaponized drone or missile attack." *See* Carrie Johnson, National Public Radio, "Top Justice Dept. Official Quietly Stepped Down In December" (Feb. 24, 2014), available at http://www.npr.org/2014/02/24/282092022/top-justice-dept-official-quietly-stepped-down-in-december

15. Plaintiff has submitted FOIA requests seeking Barron, Lederman, and Seitz's emails during their tenure at OLC.

## PLAINTIFF'S FOIA REQUESTS

### Request 14-026

16. On February 6, 2014, Plaintiff submitted a FOIA request via email to the OLC for all emails sent by Martin 'Marty' Lederman, the former Deputy Assistant Attorney General in the Office of Legal Counsel, from May 1, 2010 through July 1, 2010, as well as all emails Mr. Lederman received during the same time frame. Plaintiff's FOIA request also sought a waiver of fees.

17. On April 18, 2015, Plaintiff emailed a request to OLC asking for an estimated date of completion for this request.

18. Plaintiff received an email dated April 29, 2015 from OLC providing an estimated date of completion of December 31, 2016. The email also indicated that the request had been assigned tracking number 14-026.

19. Plaintiff has received no further communication from OLC with respect to request 14-026.

20. Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

### Request 14-033

21. On March 2, 2014, Plaintiff submitted a FOIA request via email to the OLC for all emails sent by David Barron, the former Acting Assistant Attorney General for the Office of Legal Counsel, from May 1, 2010 through July 1, 2010, as well as all emails Mr. Barron received during the same time frame. Plaintiff's FOIA request also sought a waiver of fees.

22. Plaintiff received an email dated May 9, 2014 from OLC stating that a preliminary assessment revealed over 22,000 potentially responsive documents. The email further requested that Plaintiff narrow his request. The email also indicated that the request had been assigned tracking number 14-033.

23. On May 12, 2014, Plaintiff emailed OLC explaining that Mr. Barron had been nominated by President Obama to serve on the United States Court of Appeals for the First Circuit. Based on this development, and therefore Plaintiff sought expedited processing of his request. Plaintiff further offered to narrow his request from "all emails" to those that refer to "Freedom of Information Act," "FOIA," "New York Times," "ACLU," "Charlie Savage," "Scott Shane," "Awlaki," "Awlaki memo," "Geneva Conventions," "Executive Order 12333," "drones," "assassination," and "constitution."

24. Plaintiff has received no further communication from OLC with respect to request 14-033.

25. Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

<u>Request 14-031</u>

26. On February 6, 2014, Plaintiff submitted a FOIA request via email to the OLC for all emails sent by Virginia Seitz, the former head of the Office of Legal Counsel, for the time period November 1, 2013 through December 31, 2013, and all emails Ms. Seitz received during this same time frame.

27. Plaintiff received an email dated March 28, 2014 from OLC stating that a preliminary assessment revealed over 4,700 potentially responsive documents. The email further

requested that Plaintiff narrow his request. The email also indicated that the request had been assigned tracking number 14-031.

28. On March 31, 2014, Plaintiff responded to the OLC's request to narrow his request and sought clarification as to the volume of emails sent by Ms. Seitz (as opposed to those received by Ms. Seitz).

29. On April 1, 2014, Plaintiff received a response from OLC clarifying that there are 1,400 documents which would be potentially responsive to a narrowed request for only emails sent by Ms. Seitz during the requested time period.

30. On April 1, 2014 Plaintiff sent an email to OLC indicating that he was narrowing his request to only emails sent by Ms. Seitz.

31. Plaintiff has received no further communication from OLC with respect to request 14-031.

32. Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

## COUNT I:
## VIOLATION OF FOIA

33. This Count realleges and incorporates by reference all of the preceding paragraphs.

34. Each of the documents referred to in this Complaint is incorporated herein by reference.

35. The DOJ has violated FOIA as to request 14-026 by improperly withholding responsive records and failing to grant, or even rule on, Plaintiff's request for a waiver of fees.

36. The DOJ has violated FOIA as to request 14-033 by improperly withholding responsive records; failing to grant, or even rule on, Plaintiff's request for a waiver of fees; and failing to grant, or even rule on, Plaintiff's request for expedited processing.

37. The DOJ has violated FOIA as to request 14-031 by improperly withholding responsive records and failing to grant, or even rule on, Plaintiff's request for a waiver of fees.

38. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to search for and process the requested records without further delay and without payment of search, review, and duplication fees;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*